COMMONWEALTH *vs.* BOSTON AND ROXBURY MILL CORPORATION.

If a corporation which is bound by its charter to keep certain roads and bridges in repair enters into an agreement with the Commonwealth for the exchange of certain lands, and the agreement provides that until such exchange it shall remain bound, as now, to keep the roads and bridges in repair, it is not liable, in an action of contract upon this agreement, foɪ a failure to keep the roads and bridges in repair.

CONTRACT brought in this court upon a written agreement, the material parts of which are sufficiently stated in the opinion. The defendants demurred to the declaration, and the case was reserved for the determination of the whole court.

*P. W. Chandler & G. O. Shattuck,* for the defendants.

*Foster,* A. G., for the Commonwealth.

HOAR, J.  The Boston and Roxbury Mill Corporation, being bound by their charter to keep in repair certain " dams, roads and bridges," made a contract with the Commonwealth, by which they released certain lands to the Commonwealth ; received a release of certain lands from the Commonwealth ; stipulated for the building and maintaining of a sea wall, for filling up flats, drainage, and other objects ; and which contained this clause : " It being understood, however, that said corporation has and shall have liberty at any time to surrender its toll franchise to said commonwealth, or to enter into an arrangement, subject to the covenants herein contained, with any city or town within which any parts of the dam, cross-dam, bridges or roads aforesaid are situated, for the maintenance of such parts; and that said corporation shall remain bound, as now, until such arrangement or surrender, to keep said dams, roads and bridges in good repair."   It being alleged that the roads and bridges in question are out of repair, the Commonwealth brings this action upon the last branch of the foregoing clause, as upon a contract of the defendants to keep them in good repair.   The defendants demur to the declaration, and we are of opinion that the demurrer is well taken.   The stipulation that the corporation " shall remain bound, as now," neither by its terms nor intent imposes any new obligation ; nor does it furnish any new remedy.

Before the contract was made, the duty of the defendants to maintain the roads and bridges existed, and for neglect of the duty they were liable to indictment. The contract makes no new agreement on the subject. It merely recites that it is understood that the defendants are to remain bound as before ; that is to say, they are not discharged by any of the provisions of the agreement from their existing obligations in this behalf. It is the exclusion of a conclusion which it was feared might be drawn from some of the modifications of their chartered rights which the contract contains.

*Judgment for the defendants upon the demurrer*